UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - -

UNITED STATES OF AMERICA

     - v. -

ORLANDO RODRIGUEZ,
  a/k/a "Ramon A. Perez,"
  a/k/a "Luca,"
  a/k/a "Lucas,"

          Defendant.

- - - - - - - - - - - - - - - - - - - X

**USDC SDNY**
**DOCUMENT**
**ELECTRONICALLY FILED**
**DOC #:** X
**DATE FILED: JAN 2 4 2012**

SEALED
SUPERSEDING
INDICTMENT

S21 10 Cr. 905 (LTS)

## THE RACKETEERING VIOLATIONS

### COUNT ONE

The Grand Jury charges:

### THE ENTERPRISE

1.  At all times relevant to this Indictment, ORLANDO RODRIGUEZ, a/k/a "Ramon A. Perez," a/k/a "Luca," a/k/a "Lucas," the defendant, and others known and unknown, were members of a criminal organization (the "Rodriguez Organization," or the "Enterprise") whose members and associates engaged in, among other activities, narcotics trafficking, unlicensed money transmitting, money laundering, murder, and attempted murder. The Rodriguez Organization operated primarily in the Washington Heights and Inwood neighborhoods of Upper Manhattan, in New York City.

2.  The Rodriguez Organization, including its leadership, its membership, and its associates, constituted an "enterprise," as defined by Title 18, United States Code, Section

1961(4), that is, a group of individuals associated in fact, although not a legal entity.  The Enterprise constituted an ongoing organization whose members functioned as a continuing unit for a common purpose of achieving the objectives of the Enterprise.  At all times relevant to this Indictment, the Rodriguez Organization was engaged in, and its activities affected, interstate and foreign commerce.

3.   ORLANDO RODRIGUEZ, a/k/a "Ramon A. Perez," a/k/a "Luca," a/k/a "Lucas," the defendant, was a member of the Enterprise who directed other members of the Enterprise in carrying out unlawful and other activities in furtherance of the conduct of the Enterprise's affairs.  RODRIGUEZ, and others known and unknown, participated in the operation and management of the Enterprise, and participated in unlawful and other activities in furtherance of the conduct of the Enterprise's affairs.

### PURPOSES OF THE ENTERPRISE

4.   The purposes of the Enterprise included, but were not limited to, the following:

a.   Enriching the members and associates of the Enterprise through, among other things, the distribution and sale of narcotics, including marijuana.

b.   Preserving and protecting the power, territory, and profits of the Enterprise through murder, attempted murder, other acts of violence, and threats of

violence.

        c.    Promoting and enhancing the Enterprise and the activities of its members and associates.

        d.    Investing the proceeds of the Enterprise in, among other things, real estate in New York, Florida, and the Dominican Republic.

        e.    Laundering and illegally transmitting narcotics proceeds.

<u>MEANS AND METHODS OF THE ENTERPRISE</u>

    5.    Among the means and methods employed by the members and associates of the Rodriguez Organization in conducting and participating in the conduct of the affairs of the Enterprise were the following:

        a.    Members and associates of the Enterprise committed, conspired, attempted, and threatened to commit acts of violence, including murder, to protect and expand the Enterprise's criminal operations, including the wholesale and retail distribution of marijuana.

        b.    Members and associates of the Enterprise used threats of violence and physical violence, including murder and attempted murder, against various people involved in the illegal narcotics business, including rival narcotics traffickers, competitors, and individuals who stole narcotics proceeds from the Enterprise, in order to further the Enterprise's narcotics

trafficking activities.

        c.    Members and associates of the Enterprise operated a narcotics business that distributed large quantities of marijuana.

        d.    Members and associates of the Enterprise transported and transmitted narcotics proceeds from, among other places, New York to Florida and New York to the Dominican Republic.

        e.    Members and associates of the Enterprise invested narcotics proceeds in real estate in New York, Florida, and the Dominican Republic.

<u>THE RACKETEERING VIOLATION</u>

        6.    From at least in or about 1996, up to and including in or about October 2010, in the Southern District of New York and elsewhere, ORLANDO RODRIGUEZ, a/k/a "Ramon A. Perez," a/k/a "Luca," a/k/a "Lucas," the defendant, being a person employed by and associated with the enterprise described above, to wit, the Rodriguez Organization, which was engaged in, and the activities of which affected, interstate and foreign commerce, knowingly conducted and participated, directly and indirectly, in the conduct of the affairs of that enterprise through a pattern of racketeering activity, that is, through the commission of the following acts of racketeering:

<u>THE PATTERN OF RACKETEERING ACTIVITY</u>

     7.   The pattern of racketeering activity, as defined in Title 18, United States Code, Sections 1961(1) and 1961(5), consisted of the following acts:

<u>Racketeering Act One:</u>
<u>Narcotics Trafficking Conspiracy</u>

     8.   From at least in or about 1997, up to and including at least in or about October 2010, in the Southern District of New York and elsewhere, ORLANDO RODRIGUEZ, a/k/a "Ramon A. Perez," a/k/a "Luca," a/k/a "Lucas," the defendant, and others known and unknown, intentionally and knowingly did combine, conspire, confederate, and agree together and with each other to violate the narcotics laws of the United States, in violation of Title 21, United States Code, Section 846.

     9.   It was a part and an object of the conspiracy that ORLANDO RODRIGUEZ, a/k/a "Ramon A. Perez," a/k/a "Luca," a/k/a "Lucas," the defendant, and others known and unknown, would and did distribute and possess with the intent to distribute a controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and 846.

     10.   The controlled substance involved in the offense was 1,000 kilograms and more of mixtures and substances containing a detectable amount of marijuana, in violation of Sections 812, 841(a)(1), and 841(b)(1)(A) of Title 21, United States Code.

<u>Racketeering Act Two: Conspiracy to Murder</u>
<u>and Murder of FNU LNU, a/k/a "Carlos Valentin,"</u>
<u>a/k/a "Campesino," a/k/a "Campi,"</u>

11.   ORLANDO RODRIGUEZ, a/k/a "Ramon A. Perez," a/k/a "Luca," a/k/a "Lucas," the defendant, committed the following acts, any one of which alone constitutes the commission of Racketeering Act Two:

<u>(A) Conspiracy to Murder FNU LNU, a/k/a "Carlos Valentin,"</u>
<u>a/k/a "Campesino," a/k/a "Campi,"</u>

12.   In or about 2000, in the Southern District of New York and elsewhere, ORLANDO RODRIGUEZ, a/k/a "Ramon A. Perez," a/k/a "Luca," a/k/a "Lucas," the defendant, and others known and unknown, intentionally and knowingly conspired to murder FNU LNU, a/k/a "Carlos Valentin," a/k/a "Campesino," a/k/a "Campi," ("Campi") in violation of New York Penal Law, Sections 125.25 and 105.15, in that, with the intent to cause the death of Campi, RODRIGUEZ and at least one other individual not named as a defendant herein agreed together and with each other to cause the death of Campi.

<u>Overt Act</u>

a.   In or about 2000, RODRIGUEZ strangled Campi to death in the vicinity of Riverdale Park, in the Bronx, New York.

<u>(B) Murder of FNU LNU, a/k/a "Carlos Valentin,"</u>
<u>a/k/a "Campesino," a/k/a "Campi,"</u>

13.   In or about 2000, in the Southern District of New York, ORLANDO RODRIGUEZ, a/k/a "Ramon A. Perez," a/k/a "Luca,"

6

a/k/a "Lucas," the defendant, and others known and unknown, intentionally and knowingly did murder and aid and abet the murder of FNU LNU, a/k/a "Carlos Valentin," a/k/a "Campesino," a/k/a "Campi," ("Campi") in violation of New York Penal Law, Sections 125.25 and 20.00, in that, with the intent to cause the death of Campi, RODRIGUEZ strangled Campi to death in the vicinity of Riverdale Park, in the Bronx, New York.

<u>Racketeering Act Three: Attempted Murder<br>of Elin Sanchez, a/k/a "Evil,"</u>

14.  On or about July 16, 1996, in the Southern District of New York, ORLANDO RODRIGUEZ, a/k/a "Ramon A. Perez," a/k/a "Luca," a/k/a "Lucas," and others known and unknown, intentionally and knowingly did attempt to murder and aid and abet the attempted murder of Elin Sanchez, a/k/a "Evil," in violation of New York Penal Law Sections 125.25, 110.00, and 20.00, in that, with the intent to cause the death of Sanchez, RODRIGUEZ shot at Sanchez in the vicinity of 48 Post Avenue, New York, New York, but did not cause his death.

<u>Overt Act</u>

a.  On or about July 16, 1996, RODRIGUEZ shot at Sanchez from the rooftop of a building, but did not hit him, in the vicinity of 48 Post Avenue, New York, New York.

Racketeering Act Four:
Money Laundering Conspiracy And Travel In Interstate And
International Commerce In Aid Of Racketeering

15.   ORLANDO RODRIGUEZ, a/k/a "Ramon A. Perez," a/k/a "Luca," a/k/a "Lucas," the defendant, committed the following acts, any one of which alone constitutes the commission of Racketeering Act Two:

(A) Money Laundering Conspiracy

16.   From in or about early 2007 through at least in or about October 2010, in the Southern District of New York and elsewhere, ORLANDO RODRIGUEZ, a/k/a "Ramon A. Perez," a/k/a "Luca," a/k/a "Lucas," the defendant, and others known and unknown, intentionally and knowingly did combine, conspire, confederate and agree together and with each other to violate Title 18, United States Code, Sections 1956(a)(2)(B)(i) and 1956(a)(2)(B)(ii), all in violation of Title 18, United States Code, Section 1956(h).

17.   It was further a part and an object of the conspiracy that ORLANDO RODRIGUEZ, a/k/a "Ramon A. Perez," a/k/a "Luca," a/k/a "Lucas," the defendant, and others known and unknown, transported, transmitted, and transferred, and attempted to transport, transmit, and transfer, a monetary instrument and funds from a place in the United States to or through a place outside the United States, to wit, from the United States to the Dominican Republic, knowing that the monetary instrument and

funds involved in the transportation, transmission, and transfer represented the proceeds of some form of unlawful activity and knowing that such transportation, transmission, and transfer was designed in whole and in part to conceal and disguise the nature, the location, the source, the ownership, and the control of the proceeds of the specific unlawful activity, to wit, narcotics trafficking, all in violation of Title 18, United States Code, Section 1956(a)(2)(B)(i).

18.   It was further a part and an object of the conspiracy that ORLANDO RODRIGUEZ, a/k/a "Ramon A. Perez," a/k/a "Luca," a/k/a "Lucas," the defendant, and others known and unknown, transported, transmitted, and transferred, and attempted to transport, transmit, and transfer, a monetary instrument and funds from a place in the United States to or through a place outside the United States, to wit, from the United States to the Dominican Republic, knowing that the monetary instrument and funds involved in the transportation, transmission, and transfer represented the proceeds of some form of unlawful activity and knowing that such transportation, transmission, and transfer was designed in whole and in part to avoid a transaction reporting requirement under State or Federal law, in violation of Title 18, United States Code, Section 1956(a)(2)(B)(ii).

### (B) Travel In Interstate and Foreign Commerce In Aid Of Racketeering

19.   In or about late 2007, in the Southern District of New York and elsewhere, ORLANDO RODRIGUEZ, a/k/a "Ramon A. Perez," a/k/a "Luca," a/k/a "Lucas," the defendant, and others known and unknown, knowingly did travel in interstate and foreign commerce, and did use and cause to be used facilities in interstate and foreign commerce, with the intent to distribute the proceeds of an unlawful activity, namely, narcotics trafficking, in violation of Title 21, United States Code, Sections 812, 841, and 846, and to promote, manage, establish, carry on, and facilitate the promotion, management, establishment, and carrying on of unlawful activity, namely, money laundering, in violation of Title 18, United States Code, Sections 1956 and 1957, and narcotics trafficking, in violation of Title 21, United States Code, Sections 812, 841, and 846, and thereafter did perform and attempt to perform an act, and aid and abet the performance of said act, to distribute the proceeds of said unlawful activities, and to promote, manage, establish, carry on, and facilitate the promotion, management, establishment, and carrying on of said unlawful activities, to wit, a courier traveled from New York to meet RODRIGUEZ in the Dominican Republic with narcotics proceeds to facilitate money laundering and narcotics trafficking, in violation of Title 18, United States Code, Sections 1952 and 2.

10

<u>(C)  Travel In Interstate and Foreign Commerce In Aid Of
Racketeering</u>

20.  In or about early 2008, in the Southern District
of New York and elsewhere, ORLANDO RODRIGUEZ, a/k/a "Ramon A.
Perez," a/k/a "Luca," a/k/a "Lucas," the defendant, and others
known and unknown, knowingly did travel in interstate and foreign
commerce, and did use and cause to be used facilities in
interstate and foreign commerce, with the intent to distribute
the proceeds of an unlawful activity, namely, narcotics
trafficking, in violation of Title 21, United States Code,
Sections 812, 841, and 846, and to promote, manage, establish,
carry on, and facilitate the promotion, management,
establishment, and carrying on of unlawful activity, namely,
money laundering, in violation of Title 18, United States Code,
Sections 1956 and 1957, and narcotics trafficking, in violation
of Title 21, United States Code, Sections 812, 841, and 846, and
thereafter did perform and attempt to perform an act, and aid and
abet the performance of said act, to distribute the proceeds of
said unlawful activities, and to promote, manage, establish,
carry on, and facilitate the promotion, management,
establishment, and carrying on of said unlawful activities, to
wit, a courier traveled from New York to meet RODRIGUEZ in the
Dominican Republic with narcotics proceeds to facilitate money
laundering and narcotics trafficking, in violation of Title 18,
United States Code, Sections 1952 and 2.

## (D)  Travel In Interstate and Foreign Commerce In Aid Of Racketeering

21.  In or about the fall of 2008, in the Southern District of New York and elsewhere, ORLANDO RODRIGUEZ, a/k/a "Ramon A. Perez," a/k/a "Luca," a/k/a "Lucas," the defendant, and others known and unknown, knowingly did travel in interstate and foreign commerce, and did use and cause to be used facilities in interstate and foreign commerce, with the intent to distribute the proceeds of an unlawful activity, namely, narcotics trafficking, in violation of Title 21, United States Code, Sections 812, 841, and 846, and to promote, manage, establish, carry on, and facilitate the promotion, management, establishment, and carrying on of unlawful activity, namely, money laundering, in violation of Title 18, United States Code, Sections 1956 and 1957, and narcotics trafficking, in violation of Title 21, United States Code, Sections 812, 841, and 846, and thereafter did perform and attempt to perform an act, and aid and abet the performance of said act, to distribute the proceeds of said unlawful activities, and to promote, manage, establish, carry on, and facilitate the promotion, management, establishment, and carrying on of said unlawful activities, to wit, a courier traveled from New York to meet RODRIGUEZ in the Dominican Republic with narcotics proceeds to facilitate money laundering and narcotics trafficking, in violation of Title 18, United States Code, Sections 1952 and 2.

(Title 18, United States Code, Sections 1961 and 1962(c).)

12

<u>COUNT TWO</u>

<u>THE RACKETEERING CONSPIRACY</u>

The Grand Jury further charges:

22.   Paragraphs 1 through 5 and 7 through 21 of Count One of this Indictment are realleged and incorporated by reference as though fully set forth herein.

23.   From at least in or about 1996, up to and including in or about October 2010, in the Southern District of New York and elsewhere, ORLANDO RODRIGUEZ, a/k/a "Ramon A. Perez," a/k/a "Luca," a/k/a "Lucas," the defendant, and others known and unknown, being persons employed by and associated with the Enterprise described in Paragraphs 1 through 5 of Count One of this Indictment, to wit, the Rodriguez Organization, knowingly combined, conspired, confederated, and agreed together and with each other to violate the racketeering laws of the United States, to wit, Section 1962(c) of Title 18, United States Code, that is, to conduct and participate, directly and indirectly, in the conduct of the affairs of that Enterprise, which was engaged in, and the activities of which affected, interstate and foreign commerce, through a pattern of racketeering activity, to wit, the racketeering acts set forth in Paragraphs 7 through 21 of Count One of this Indictment as Racketeering Acts One through Four.   It was a part of the conspiracy that the defendant agreed that a

conspirator would commit at least two acts of racketeering in the conduct of the affairs of the Enterprise.

(Title 18, United States Code, Section 1962(d).)

## COUNT THREE

## NARCOTICS CONSPIRACY

The Grand Jury further charges:

24.   From at least in or about 1997, up to and including in or about October 2010, in the Southern District of New York and elsewhere, ORLANDO RODRIGUEZ, a/k/a "Ramon A. Perez," a/k/a "Luca," a/k/a "Lucas," the defendant, and others known and unknown, intentionally and knowingly did combine, conspire, confederate, and agree together and with each other to violate the narcotics laws of the United States.

25.   It was a part and an object of the conspiracy that ORLANDO RODRIGUEZ, a/k/a "Ramon A. Perez," a/k/a "Luca," a/k/a "Lucas," the defendant, and others known and unknown, would and did distribute and possess with the intent to distribute a controlled substance, in violation of Title 21, United States Code, Section 841(a)(1).

26.   The controlled substance involved in the offense was 1,000 kilograms and more of mixtures and substances containing a detectable amount of marijuana, in violation of Title 21, United States Code, Sections 812, 841(a)(1), and 841(b)(1)(A).

(Title 21, United States Code, Section 846.)

14

COUNT FOUR

CONSPIRACY TO MURDER FNU LNU, A/K/A "CARLOS VALENTIN,"
A/K/A "CAMPESINO," A/K/A "CAMPI,"
IN AID OF RACKETEERING ACTIVITY

The Grand Jury further charges:

27.   The Rodriguez Organization, as described in
Paragraphs 1 through 5 of Count One of this Indictment, which are
realleged and incorporated by reference as though fully set forth
herein, constituted an enterprise, as that term is defined in
Title 18, United States Code, Section 1959(b)(2), that is, an
association in fact of individuals engaged in, and the activities
of which affected, interstate and foreign commerce.

28.   The Rodriguez Organization, through its members
and associates, engaged in racketeering activity, as that term is
defined in Title 18, United States Code, Sections 1961(a) and
1959(b)(1), that is, acts involving murder, in violation of New
York Penal Law, and narcotics trafficking, in violation of Title
21, United States Code, Sections 812, 841, and 846.

29.   In or about 2000, in the Southern District of New
York, ORLANDO RODRIGUEZ, a/k/a "Ramon A. Perez," a/k/a "Luca,"
a/k/a "Lucas," the defendant, and others known and unknown, as
consideration for the receipt of, and as consideration for a
promise and agreement to pay, a thing of pecuniary value from the
Rodriguez Organization, and for the purpose of gaining entrance
to and maintaining and increasing position in the Rodriguez
Organization, an enterprise engaged in racketeering activity, as

15

described above, knowingly did conspire to murder FNU LNU, a/k/a "Carlos Valentin," a/k/a "Campesino," a/k/a "Campi," in violation of New York Penal Law Sections 125.25 and 105.15.

(Title 18, United States Code, Sections 1959(a)(5) and 2.)

COUNT FIVE

MURDER OF FNU LNU, A/K/A "CARLOS VALENTIN,"
A/K/A "CAMPESINO," A/K/A "CAMPI,"
IN AID OF RACKETEERING ACTIVITY

The Grand Jury further charges:

30.   Paragraphs 1 through 5 and 27 through 28 are realleged and incorporated by reference as though fully set forth herein.

31.   In or about 2000, in the Southern District of New York, ORLANDO RODRIGUEZ, a/k/a "Ramon A. Perez," a/k/a "Luca," a/k/a "Lucas," the defendant, and others known and unknown, as consideration for the receipt of, and as consideration for a promise and agreement to pay, a thing of pecuniary value from the Rodriguez Organization, and for the purpose of gaining entrance to and maintaining and increasing position in the Rodriguez Organization, an enterprise engaged in racketeering activity, as described above, knowingly did murder and aid and abet the murder of FNU LNU, a/k/a "Carlos Valentin," a/k/a "Campesino," a/k/a "Campi," in violation of New York Penal Law Sections 125.25 and 20.00.

(Title 18, United States Code, Sections 1959(a)(1) and 2.)

COUNT SIX

MURDER OF FNU LNU, A/K/A "CARLOS VALENTIN,"
A/K/A "CAMPESINO," A/K/A "CAMPI,"
WHILE ENGAGED IN A NARCOTICS TRAFFICKING OFFENSE

The Grand Jury further charges:

32.   In or about 2000, in the Southern District of New
York, while engaged in an offense punishable under Section
841(b)(1)(A) of Title 21, United States Code, to wit, a
conspiracy to distribute 1,000 kilograms and more of mixtures and
substances containing a detectable amount of marijuana, ORLANDO
RODRIGUEZ, a/k/a "Ramon A. Perez," a/k/a "Luca," a/k/a "Lucas,"
the defendant, and others known and unknown, intentionally and
knowingly killed, and counseled, commanded, induced, procured,
and caused the intentional killing of FNU LNU, a/k/a "Carlos
Valentin," a/k/a "Campesino," a/k/a "Campi," in the vicinity of
Riverdale Park, Bronx, New York.

(Title 21, United States Code, Section 848(e)(1)(A);
and Title 18, United States Code, Section 2.)

COUNT SEVEN

MONEY LAUNDERING CONSPIRACY

The Grand Jury further charges:

33.   From in or about early 2007 through at least in or
about October 2010, in the Southern District of New York and
elsewhere, ORLANDO RODRIGUEZ, a/k/a "Ramon A. Perez," a/k/a
"Luca," a/k/a "Lucas," the defendant, and others known and
unknown, intentionally and knowingly did combine, conspire,

17

confederate and agree together and with each other to violate Title 18, United States Code, Sections 1956(a)(2)(B)(i) and 1956(a)(2)(B)(ii).

34.   It was further a part and an object of the conspiracy that ORLANDO RODRIGUEZ, a/k/a "Ramon A. Perez," a/k/a "Luca," a/k/a "Lucas," the defendant, and others known and unknown, transported, transmitted, and transferred, and attempted to transport, transmit, and transfer, a monetary instrument and funds from a place in the United States to or through a place outside the United States, to wit, from the United States to the Dominican Republic, knowing that the monetary instrument and funds involved in the transportation, transmission, and transfer represented the proceeds of some form of unlawful activity and knowing that such transportation, transmission, and transfer was designed in whole and in part to conceal and disguise the nature, the location, the source, the ownership, and the control of the proceeds of the specific unlawful activity, to wit, narcotics trafficking, in violation of Title 18, United States Code, Sections 1956(a)(2)(B)(i).

35.   It was further a part and an object of the conspiracy that ORLANDO RODRIGUEZ, a/k/a "Ramon A. Perez," a/k/a "Luca," a/k/a "Lucas," the defendant, and others known and unknown, transported, transmitted, and transferred, and attempted to transport, transmit, and transfer, a monetary instrument and

funds from a place in the United States to or through a place
outside the United States, to wit, from the United States to the
Dominican Republic, knowing that the monetary instrument and
funds involved in the transportation, transmission, and transfer
represented the proceeds of some form of unlawful activity and
knowing that such transportation, transmission, and transfer was
designed in whole and in part to avoid a transaction reporting
requirement under State or Federal law, in violation of Title 18,
United States Code, Sections 1956(a)(2)(B)(ii).

(Title 18, United States Code, Section 1956(h).)

<u>COUNT EIGHT</u>

<u>TRAVEL IN INTERSTATE AND FOREIGN COMMERCE IN AID OF RACKETEERING</u>

The Grand Jury further charges:

36.  In or about late 2007, in the Southern District of
New York and elsewhere, ORLANDO RODRIGUEZ, a/k/a "Ramon A.
Perez," a/k/a "Luca," a/k/a "Lucas," the defendant, and others
known and unknown, knowingly did travel in interstate and foreign
commerce, and did use and cause to be used facilities in
interstate and foreign commerce, with the intent to distribute
the proceeds of an unlawful activity, namely, narcotics
trafficking, in violation of Title 21, United States Code,
Sections 812, 841, and 846, and to promote, manage, establish,
carry on, and facilitate the promotion, management,
establishment, and carrying on of unlawful activity, namely,

money laundering, in violation of Title 18, United States Code, Sections 1956 and 1957, and narcotics trafficking, in violation of Title 21, United States Code, Sections 812, 841, and 846, and thereafter did perform and attempt to perform an act, and aid and abet the performance of said act, to distribute the proceeds of said unlawful activities, and to promote, manage, establish, carry on, and facilitate the promotion, management, establishment, and carrying on of said unlawful activities, to wit, a courier traveled from New York to meet RODRIGUEZ in the Dominican Republic with narcotics proceeds to facilitate money laundering and narcotics trafficking.

(Title 18, United States Code, Sections 1952 and 2.)

## COUNT NINE

### TRAVEL IN INTERSTATE AND FOREIGN COMMERCE IN AID OF RACKETEERING

The Grand Jury further charges:

37.   In or about early 2008, in the Southern District of New York and elsewhere, in the Southern District of New York and elsewhere, ORLANDO RODRIGUEZ, a/k/a "Ramon A. Perez," a/k/a "Luca," a/k/a "Lucas," the defendant, and others known and unknown, knowingly did travel in interstate and foreign commerce, and did use and cause to be used facilities in interstate and foreign commerce, with the intent to distribute the proceeds of an unlawful activity, namely, narcotics trafficking, in violation of Title 21, United States Code, Sections 812, 841, and 846, and

to promote, manage, establish, carry on, and facilitate the
promotion, management, establishment, and carrying on of unlawful
activity, namely, money laundering, in violation of Title 18,
United States Code, Sections 1956 and 1957, and narcotics
trafficking, in violation of Title 21, United States Code,
Sections 812, 841, and 846, and thereafter did perform and
attempt to perform an act, and aid and abet the performance of
said act, to distribute the proceeds of said unlawful activities,
and to promote, manage, establish, carry on, and facilitate the
promotion, management, establishment, and carrying on of said
unlawful activities, to wit, a courier traveled from New York to
meet RODRIGUEZ in the Dominican Republic with narcotics proceeds
to facilitate money laundering and narcotics trafficking.

>        (Title 18, United States Code, Sections 1952 and 2.)

<u>COUNT TEN</u>

<u>TRAVEL IN INTERSTATE AND FOREIGN COMMERCE IN AID OF RACKETEERING</u>

>        The Grand Jury further charges:

>        38.   In or about the fall of 2008, in the Southern
District of New York and elsewhere, ORLANDO RODRIGUEZ, a/k/a
"Ramon A. Perez," a/k/a "Luca," a/k/a "Lucas," the defendant, and
others known and unknown, knowingly did travel in interstate and
foreign commerce, and did use and cause to be used facilities in
interstate and foreign commerce, with the intent to distribute
the proceeds of an unlawful activity, namely, narcotics

trafficking, in violation of Title 21, United States Code,
Sections 812, 841, and 846, and to promote, manage, establish,
carry on, and facilitate the promotion, management,
establishment, and carrying on of unlawful activity, namely,
money laundering, in violation of Title 18, United States Code,
Sections 1956 and 1957, and narcotics trafficking, in violation
of Title 21, United States Code, Sections 812, 841, and 846, and
thereafter did perform and attempt to perform an act, and aid and
abet the performance of said act, to distribute the proceeds of
said unlawful activities, and to promote, manage, establish,
carry on, and facilitate the promotion, management,
establishment, and carrying on of said unlawful activities, to
wit, a courier traveled from New York to meet RODRIGUEZ in the
Dominican Republic with narcotics proceeds to facilitate money
laundering and narcotics trafficking.

(Title 18, United States Code, Sections 1952 and 2.)

<u>COUNT ELEVEN</u>

<u>FIREARMS</u>

The Grand Jury further charges:

39. From at least in or about 1996, up to and
including in or about October 2010, in the Southern District of
New York and elsewhere, ORLANDO RODRIGUEZ, a/k/a "Ramon A.
Perez," a/k/a "Luca," a/k/a "Lucas," the defendant, during and in
relation to a crime of violence for which he may be prosecuted in

22

a court of the United States, namely, the racketeering enterprise charged in Count One of this Indictment and the racketeering conspiracy charged in Count Two of this Indictment, knowingly did use and carry firearms, and, in furtherance of such crimes, did possess firearms, and did aid and abet the use, carrying, and possession of firearms, which were discharged.

(Title 18, United States Code, Sections 924(c)(1)(A)(iii), and 2.)

## FORFEITURE ALLEGATION

(Counts One and Two: RICO Offenses)

40.   The allegations contained in Counts One and Two of this Indictment are hereby repeated, realleged, and incorporated by reference herein as though fully set forth at length for the purpose of alleging forfeiture pursuant to the provisions of Title 18, United States Code, Section 1963.  Pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure, notice is hereby given to the defendant that the United States will seek forfeiture as part of any sentence in accordance with Title 18, United States Code, Section 1963 in the event of the defendant's conviction under Counts One and Two of this Indictment.

41.   ORLANDO RODRIGUEZ, a/k/a "Ramon A. Perez," a/k/a "Luca," a/k/a "Lucas," the defendant:

a.   has acquired and maintained interests in violation of Title 18, United States Code, Section 1962, which interests are subject to forfeiture to the United States pursuant

23

to Title 18, United States Code, Section 1963(a)(1);

        b.   has an interest in, security of, claim against, and property and contractual rights which afford a source of influence over the enterprise named and described herein which the defendant established, operated, controlled, conducted, and participated in the conduct of, in violation of Title 18, United States Code, Section 1962, which interests, securities, claims, and rights are subject to forfeiture to the United States pursuant to Title 18, United States Code, Section 1963(a)(2); and/or

        c.   has property constituting and derived from proceeds obtained, directly and indirectly, from the aforesaid racketeering activity, in violation of Title 18, United States Code, Section 1962, which property is subject to forfeiture to the United States pursuant to Title 18, United States Code, Section 1963(a)(3).

        42.  The interests of the defendant subject to forfeiture to the United States pursuant to Title 18, United States Code, Section 1963(a) are $10 million, the approximate amount of gross proceeds received by the defendant derived from racketeering activities as alleged in Counts One and Two of this Indictment.

## Substitute Assets Provision

43.   If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

a.   cannot be located upon the exercise of due diligence;

b.   has been transferred or sold to, or deposited with, a third person;

c.   has been placed beyond the jurisdiction of the Court;

d.   has been substantially diminished in value; or

e.   has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to Title 18, United States Code, Section 1963(m), to seek forfeiture of any other property of the defendant up to the value of the above forfeitable property.

(Title 18, United States Code, Section 1963.)

## FORFEITURE ALLEGATION

(Count Three: Narcotics Conspiracy)

44.   As a result of committing the controlled substance offense alleged in Count Three of this Indictment, ORLANDO RODRIGUEZ, a/k/a "Ramon A. Perez," a/k/a "Luca," a/k/a "Lucas," the defendant, shall forfeit to the United States, pursuant to

Title 21, United States Code, Section 853, all property constituting and derived from any proceeds the defendant obtained, directly and indirectly, as the result of the offense, and any property used and intended to be used in any manner and part to commit and to facilitate the commission of the offense alleged in Count Three, including, but not limited to, a sum in United States currency representing the amount of all proceeds obtained as a result of the controlled substance offense alleged in Count Three of the Indictment.

Substitute Assets Provision

45.   If any of the property described in Paragraph 46 above as being subject to forfeiture, as a result of any act or omission of the defendant:

a.   cannot be located upon the exercise of due diligence;

b.   has been transferred or sold to, or deposited with, a third person;

c.   has been placed beyond the jurisdiction of the Court;

d.   has been substantially diminished in value; or

e.   has been commingled with other property which cannot be subdivided without difficulty;

it is the intention of the United States, pursuant to Title 21,

United States Code, Section 853(p), to seek forfeiture of any other property of the defendant up to the value of the above forfeitable property.

(Title 21, United States Code, Section 853.)

## FORFEITURE ALLEGATION

(Count Seven: Money Laundering Conspiracy)

46. As a result of committing the offense of conspiracy to launder money as alleged in Count Seven of this Indictment, ORLANDO RODRIGUEZ, a/k/a "Ramon A. Perez," a/k/a "Luca," a/k/a "Lucas," the defendant, shall forfeit to the United States, pursuant to Title 18, United States Code, Section 982(a)(1)(A), all property, real and personal, involved in the offense and all property traceable to such property.

## Substitute Assets Provision

47. If any of the property described in Paragraph 48 above as being subject to forfeiture, as a result of any act or omission of the defendant:

a.    cannot be located upon the exercise of due diligence;

b.    has been transferred or sold to, or deposited with, a third person;

c.    has been placed beyond the jurisdiction of the Court;

      d.    has been substantially diminished in value;

or

      e.    has been commingled with other property which

cannot be subdivided without difficulty;

it is the intention of the United States, pursuant to Title 21,

United States Code, Section 853(p), to seek forfeiture of any

other property of the defendant up to the value of the above

forfeitable property.

      (Title 18, United States Code, Section 982.)

<u>FORFEITURE ALLEGATION</u>

(Counts Eight Through Ten: Travel in Foreign
Commerce in Aid of Racketeering)

    48.  As a result of committing the offense of travel in

foreign commerce in aid of racketeering as alleged in Counts

Eight through Ten of this Indictment, ORLANDO RODRIGUEZ, a/k/a

"Ramon A. Perez," a/k/a "Luca," a/k/a "Lucas," the defendant,

shall forfeit to the United States, pursuant to Title 18, United

States Code, Section 981(a)(1)(C) and Title 28, United States

Code, Section 2461, all property, real and personal, constituting

or derived from proceeds traceable to the commission of the

offense.

<u>Substitute Assets Provision</u>

    49.  If any of the property described in Paragraph 50

above as being subject to forfeiture, as a result of any act or

omission of the defendant:

a.   cannot be located upon the exercise of due diligence;

b.   has been transferred or sold to, or deposited with, a third person;

c.   has been placed beyond the jurisdiction of the Court;

d.   has been substantially diminished in value; or

e.   has been commingled with other property which cannot be subdivided without difficulty;

it is the intention of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendant up to the value of the above forfeitable property.

(Title 18, United States Code, Section 982.)

_____
FOREPERSON

_____
PREET BHARARA
United States Attorney

Form No. USA-33s-274 (Ed. 9-25-58)

---

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA

- v. -

ORLANDO RODRIGUEZ,
a/k/a "Ramon A. Perez,"
a/k/a "Luca,"
a/k/a "Lucas,"

Defendant.

---

SEALED SUPERSEDING
INDICTMENT

S21 10 Cr. 905 (LTS)

(18 U.S.C. §§ 2, 924(c), 1952,
1956, 1959, 1960, 1961, 1962;
and 21 U.S.C. §§ 846, 848(e).)

PREET BHARARA
United States Attorney.

A TRUE BILL

Foreperson.



---